MARCH 06 2017


TO: US BANKRUPTCY COURT
    EASTERN DISTRICT OF VIRGINIA
    ALEANDRIA DIVISION
    ALEXANDRIA, VIRGINIA 22314


FR: ROBERT JAMES BAKER
    DEBTOR: PRO SE
    CASE: 17-10562-BFK

   Motion to Dismiss by Debtor

RE: VOLUNTARY DISMISSAL OF CHAPTER 13


   THE DEBTOR WISHES TO DISMISS CHAPTER 13 CASE:
   107-10562-BFK FOR THE FOLLOWING REASONS:

(1) THE DEBTOR BELIEVES HE A VICTIM OF DUAL TRACKING
    AS DEFINED IN THE 2013 REALESTATE SETTLEMENT
    PROCEEDURES ACT(REGULATION X) MORTGAGE SERVICING
    RULES.

(2) MY ATTORNEY, GREGORY BRYL,ESQ. INFORMED ME THAT
    HE WAS IN DISCUSSIONS WITH CHASE JUST ONE DAY
    BEFORE THE SALE DAY OF 2-23-14.

(3) ATTORNEY BRYL INFORMED ME THAT HE TOO FELT I WAS
    BEING DUAL TRACKED BY THE CHASE FORECLOSING DEPT &
    SAMUEL I.WHITE, PC. THE FORECLOSING FIRM.

(4) CHASE BANK DID THIS SAME THING TO ME IN 2014 WHEN
    I HAD A SHORT SALE CONTRACT ON MY HOUSE AND THEY
    PROCEEDED WITH AN ILLEGAL FORECLOSURE THEN TOO.

(5) I PAID ATTORNEY BRYL FOR AN MORTGAGE LOAN EXAM ON
    8-11-16 WHICH SHOWED NUMEROUS TILA VIOLATIONS.

(7) ATTORNEY BRYL NOTIFIED CHASE BY FAX & LETTER OF
    THESE  VIOLATIONS IN MY LOAN. CHASE
    EXECUTUIVE DEPT. WAS IN DISCUSSIONS WITH MR. BRYL
    JUST (1) DAY BEFORE THE SALE DATE OF 2-22-17.

(8) CHASE WAS WELL AWARE THAT I HAD RESCINDED THIS
    WAMU LOAN ON 2-06-06 & THAT NUMEROUS TILA
    VIOLATIONS WERE FOUND IN IT ON 8-11-16.

(9) ATTORNEY BRYL INFORMED SAMUEL I. WHITE THAT
    I HAD FILED MY RESCISSION NOTICE AT THE ARLINGTON
    COUNTY LAND RECORDS OFFICE WHERE IT IS RECORDED.
    AND THAT THEY HAD NO AUTHORITY TO PROCEED ON A
    RESCINDED LOAN SUBJECT TO TILA 15 U.S.C. 1635(a).

(10) SAMUEL I.WHITE,PC.CHOSE TO FORECLOSE ANYWAY AND
    TO CIRCUMVENT THE SUPREME COURT RULING KNOWING
    A RESCISSION NOTICE WAS FILED & RECORDED AT THE
    ARLINGTON COUNTY LAND RECORDS OFFICE. THEY KNEW
    THIS IS A MATTER THAT HAS TO BE SETTLED IN COURT.

(11) I FILED A COMPLAINT WITH THE CFPB on 2-07-17
    PRIOR TO THE FORECLOSING DATE OF 2-23-17. AS OF
    THIS DATE SAMUEL I. WHITE HAS NOT RESPONDED TO
    THE COMPLAINT WHICH THEY HAD 15 DAYS TO ANSWER.

(12) THIS IS MY OPINION: CHASE AND SAMUEL I. WHITE,
    PC. KNEW THEY WERE CONDUCTING AN ILLEGAL
FORECLOSURE
    IN AN ATTEMPT TO SCARE AND INTIMIDATE A 70YR OLD
MAN
    OUT OF HIS FAMILY HOME OF OVER 20 YRS OWNERSHIP.

(13) ON 2-28-17, JUST 6 DAYS AFTER I FILED CHAPTER 13
    CHASE INDFORMS ME THAT MY LOAN HAS BEEN SOLD!
    A COINCIDENCE,I THINK NOT. BY THIS TACTIC THEY
    BOTH AVOID THE CFPB COMPLAINT AND AVOID A LAWSUIT
    OVER AN ILLEGAL FORECLOSURE.

(14) THE NEW LENDER IS RUSHMORE FINANCIAL. I HAVE NOW
    HIRED A FINANCIAL ADVISOR WHO INFORMS ME THEY ARE
    MUCH MORE EASIER TO DEAL WITH THAN CHASE BANK.

       AND THAT HE HAS EXPERIENCE WITH THIS FIRM.

(15) CHASE WAS IMPOSSIBLE TO DEAL WITH! FROM THE LACK OF COMMUNICATION BETWEEN DEPARTMENTS.

(16) MY FINANCIAL ADVISOR IS CONFIDENT HE CAN WORK OUT SOMETHING WITH RUSHMORE FINANCIAL.

(17) I ALSO WAS ACCEPTED FOR A JOB IN NC, BUT WAS INFORMED THIS PAST THURS THAT THE CO IS BEING SOLD AND THEY CANNOT OFFER ME EMPLOYMENT.

(18) I REQUEST THE COURT DISMISS THIS CASE WITHOUT PREJUDICE SO I CAN HOPEFULLY WORK OUT A SOLUTION WITH RUSHMORE FINANCIAL.

*[Signature]* 3-06-17

ROBERT JAMES BAKER (DEBTOR)

**GREGORY BRYL**
ATTORNEY AT LAW\*               \*Admitted in FL and VA

1629 K Street NW, Suite 300
Washington, DC 20006
(202)360-4950, (703)997-5925 fax
help@bryllaw.com

June 9, 2015

VIA FAX (866-282-5682, 614-422-7972, 614-422-7575) AND U.S. MAIL

Chase
P.O. Box 469030
Glendale, CO. 80246-9030

Beneficial Loan Owner of Loan No. xx9739
c/o Chase
P.O. Box 469030
Glendale, CO. 80246-9030

Re:  **DEMAND FOR TENDER UNDER 15 U.S.C. § 1635(b)**
     **Account No.  0083179739**
     **Property:    1627 N Greenbrier Street, Arlington, VA 22205**
     **Borrower:    Robert J. Baker**

Dear Sir or Madam:

This office represents the above-referenced borrower with respect to the matters referenced herein. An appropriate authorization is enclosed.

On or about December 4, 2006, pursuant to the Truth in Lending Act (TILA) and its §1635(a), the borrower sent you a notice of rescission, rescinding loan no. 0083179739. **Exhibit A**.

The law provides that

> the obliger shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of . . . the material disclosures required under this subchapter, whichever is later, by notifying the creditor . . . of his intention to do so.

15 U.S.C. § 1635(a). On January 13, 2015, The U.S. Supreme Court reaffirmed in *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790 (2015) that "a borrower need only provide written notice to a lender in order to exercise his right to rescind" and that this results in "a unilaterally

rescinded transaction" in which TILA "modifies common-law practice" and "disclaims the common-law condition precedent to rescission at law that the borrower tender the proceeds received under the transaction." *Id.* at *6-7 (citing 15 U.S.C. § 1635(b)).

> Indeed, TILA's § 1635(b) provides that
>
> When an obligor exercises his right to rescind under subsection (a) of this section, he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, **becomes void upon such a rescission**. Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction. If the creditor has delivered any property to the obligor, the obligor may retain possession of it. Upon the performance of the creditor's obligations under this section, the obligor shall tender the property to the creditor . . . .

(Emphasis added.) In the instant matter, rescission was effected and the security interest with respect to loan no. 0083179739 and the underlying property became void by operation of law on about December 27, 2006, – 23 days after the notice of rescission was mailed and you failed to either return to the borrowers all the money you received in connection with the loan or to file suit disputing rescission. *See, e.g., Jesinoski*, 135 S. Ct. at *5 ("rescission is effected when the borrower notifies the creditor").

The Supreme Court has now made it abundantly clear that the TILA statute means what it says and must be enforced as written. *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790 (2015). **We therefore demand that you return to the borrowers all of the moneys received from them to date in connection with the loan, as well as take the appropriate steps to reflect the termination of the security interest.** Upon your performance, the borrower will make tender in accordance with the borrower's obligation. *See* 15 U.S.C. § 1635(b).

**We request that you respond to this letter within 30 days of receipt.** If we do not hear from you by that date, we will advise our clients to file, *inter alia*, an enforcement action and a quiet title action in the appropriate Virginia court.

You are advised to govern yourselves accordingly.


Yours very truly,

*/s/ Gregory Bryl*

Gregory Bryl, Esq.

**GREGORY BRYL**
**ATTORNEY AT LAW***               *Admitted in FL and VA

1629 K Street NW, Suite 300
Washington, DC 20006
(202)360-4950, (703)997-5925 fax
help@bryllaw.com

February 4, 2017

VIA FAX (757-337-5555) AND U.S. MAIL

Samuel I. White, PC (40268)
5040 Corporate Woods Drive, Suite 120
Virginia Beach, VA 23462

Re:    **REQUEST TO CANCEL UPCOMING SALE**
       **Property: 1627 N Greenbrier Street, Arlington, VA 22205**
       **Borrower(s): Robert James Baker**

Dear Sir or Madam:

This office represents the above-referenced borrower(s) with respect to the matters addressed herein. It has come to our attention that the above-referenced property is currently scheduled for an auction sale for February 23, 2017.

Please be advised that the borrower previously mailed and otherwise provided to the servicer several at least one notice of rescission on the underlying loan within the 3-year statutory period allotted by the Truth In Lending Act (TILA) pursuant to ceratin TILA disclosure violations. That rescission notice currently appears in the land records of Arlington County with respect to the above-referenced property.

This communication seeks to resolve this matter informally and without court action. **You are hereby advised and put on notice that the lender does not have authority to request and proceed with foreclosure in this matter because the underlying loan has been rescinded pursuant to TILA.** The following TILA violations served as the basis for the prior rescission effected within three years. (1). The note contained a teaser rate of 1.250% that was certain to change, yet the note disclosed only that it "may" change, not that it "will" change; (2) TILDS fails to disclose that the payments are to be made monthly; (3) the loan documents disclosed that negative amortization as a mere possibility when, in fact, it was an absolute

certainty under the terms of the loan, in large part because of the 7.5% change-in-payment cap.[1] A more detailed report of the specific TILA violations giving rise to an extended right of rescission will be provided upon request.

As a deed-of-trust trustee, you owe a fiduciary duty to both borrower and creditor. *See, e.g., Squire v. Va. Hous. Dev. Auth.*, 287 Va. 507, 521, 758 S.E.2d 55 (2014); *Smith v. Credico Indus. Loan Co.*, 362 S.E.2d 735, 234 Va. 514, 517 (1987); *Whitlow v. Mountain Trust Bank*, 207 S.E.2d 837, 840 (1974); *Turk v. Clark*, 193 Va. 744, 71 S.E.2d 172 (1952); *Powell v. Adams*, 18 S.E.2d 261, 263 (1942); *Everette v. Woodward*, 162 Va. 419, 174 S.E. 864 (1934); *Linney v. Normoyle*, 145 Va. 589, 593, 134 S.E. 554, 555 (1926); *Rohrer v. Strickland*, 116 Va. 755, 759, 82 S.E. 711, 712 (1914); *Wilson v. Wall*, 99 Va. 353, 38 S.E. 181 (1901); *Smith v. Miller*, 98 Va. 535, 37 S.E. 10 (1900). You therefore cannot side with the lender in a dispute between lender and borrower and where you have been put on notice regarding the prior TILA violations, subsequent timely rescission, and the lender's lack of authority to proceed with foreclosure of a rescinded loan.[2]

The above information regarding prior rescission and underlying TILA violations is sufficient to place the scheduled sale on hold until the matter is resolved between the borrower and the creditor or by court action. <u>We therefore request that the February 23, 2017 auction sale of the above-referenced property be canceled</u>.

Thank you very much for your assistance with this matter.

Yours very truly,

/s/ *Gregory Bryl*

Gregory Bryl, Esq.

---

[1] Notably, the Commentary to 12 C.F.R. § 226.17(c)(1) states that "if a loan contains a rate or payment cap that would prevent the initial rate or payment, at the time of the first adjustment, from changing to the rate determined by the index or formula at consummation, the effect of that rate or payment cap should be reflected in the disclosures." 12 C.F.R. Pt. 226, Supp. I, ¶17(c)(1)-10(iii). ¶19(b)(2)(vii)-2. Similarly, Regulation Z requires that a lender disclose "any rules relating to changes in the index, interest rate, payment limitations, negative amortization, and interest rate carryover." 12 C.F.R. § 226.19(b)(2)(vii). And the Commentary states that "if a consumer is given the option to cap monthly payments that may result in negative amortization, the creditor must fully disclose the rules relating to the option, including the effects of exercising the option (such as negative amortization will occur and the principal loan balance will increase)." 12 C.F.R. Pt. 226, Supp. I ¶ 19(b)(2)(vii)-2.

[2] "[TILA] rescission is effected when the borrower notifies the creditor of his intention to rescind." *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 792 (2015).

-2-

Case number: 170207-002610 ( ROBERT JAMES BAKER) LOAN #0083179739

## WHAT HAPPENED

Describe what happened so we can understand the issue...
    A Foreclosure Sale date of Feb 23, 2017 has been set. I want to file a complaint against: Samuel I. White,PC(40268) located at :
5040Corporate Woods Dr. Suite#120 Virginia Beach, Va. 23462 who is attempting to Foreclose on my home located at: 1627 N. Greenbrier St. Arlington,.Va. 22205. In April 2004, I refinanced my home with Washington Mutual Bank. On December 4, 2006 I sent a Rescission Notice in regards to my Loan #0083179739. Rescission was effected and the security interest with respect to Loan#0083179739 and the underlying property became null& void by operation of law on or about December 27,2006. Twenty -three days passed and they failed to return all my money they received in connection with this mortgage loan and they failed to file a lawsuit disputing rescission. I have had a mortgage examination done and there are clear violations of TILA in my loan. Chase & Samuel I. White, continue to harass me with Foreclosure notices and refuse to respond to my Attorneys request to return all my funds I paid into the lender. A requirement under 15 U.S.C. & 1635(b). There are trying to circumvent the Supreme Court Ruling on rescission in my opinion. The rescission notice I sent is now filed in the Arlington County Land Records Office under my current property address in regards to Loan #0083179739. Samuel I. White,P.C. has no legal authority to pursue foreclose when they have now been notified (2) times that there was a rescission notice sent to the lender and that there is one filed in the Arlington County Land Records Office. Yet they continue to pursue& harass me, when they know full well moving forward is a violation of the Supreme Court Ruling . I am 70 yrs old this week, and I am requesting CFPB stop this foreclosure now. Thank You Very Much.

Consent to publish the description of what happened? Consent provided

Which part of the mortgage process is your issue related to?
    Problems when you are unable to pay

This is about Conventional adjustable mortgage (ARM)

## DESIRED RESOLUTION

What do you think would be a fair resolution to your issue?
    As the Rescission Law requires: I am entitled to : all my mortgage payments, real estate taxes,

To: Washington Mutual Home Loans　　　　　　　　　　　　December 4, 2006
　　Attn: Customer Service
　　P.O. Box 3139
　　Milwakee, WI 53201-3139

Fr: Robert J. Baker
　　1627 N. Greenbrier Street
　　Arlington, Va. 22205
　　Loan # 0083179739

## NOTICE OF RIGHT OF RECISSION

　　　　In regards to the above referenced consumer, open-ended credit account, consumer and account number and as of
my **NOV. '06** billing statement and effective as signed and dated below, I hereby exercise my right to rescind this consumer credit transaction and hereby execise that right pursuant to the Federal Truth in lending Act, 15 U.S.C. & 1635, Regulation Z
& 226.15, "The Act".

　　　　The above referenced disclosure statement, among other subsequent disclosures, failed to provide all the required material
disclosures correctly, clearly, and concisely therefore, this consumer thru and by this correspondence, is exercising his rights to
rescind this credit transaction in accordance to " The Act".

　　　　Kindly be advised further, the interest held along with any future claims thereof, is void upon this consumer exercise of recission
pursuant to, The Federal Truth in Lending Act and Regulation Z, 15 U.S.C. & 1635, Regulation Z & 226.15. Pursuant under said Regulation, be advised, you have twenty days from receipt of this notice of recission to return all monies paid and to take action
necessary and appropiate to reflect termination of this credit transaction in accordance to statute and law.

　　　　*Please be advised that if you fail to cancel the security interest and return all consideration* paid by this consumer within 20 days of receipt of this letter, you will be responsible for actual and statutory damages pursuant to 15 U.S.C. & 1640 (a).

　　　　In closing, kindly send a copy of the payment history, payment applications and charges, and current principal balance
reflecting the effects, of this recission or, devoid, of all interest paid and in accordance to "The Act", along with proof of your compliance the Creditors Strict Liability Requirements under "The Act".

Best Regards,

_[signature]_　　　　12/4/06　　　　　　　　　　　　　_[signature]_ 6-2-15
Robert J. Baker　　　　Date
I WISH TO CANCEL

　　　　　　　　　　　　　　　　　SWORN AND SUBSCRIBED BEFORE ME
　　　　　　　　　　　　　　　　　THIS THE 2nd DAY OF JUNE 2015
　　　　　　　　　　　　　　　　　Paulina Viteri-Reeder
　　　　　　　　　　　　　　　　　　　NOTARY PUBLIC
　　　　　　　　　　　　　　　　　MY COMMISSION EXPIRES 9-30-2015

_[Notary seal: PAULINA VITERI-REEDER, NOTARY PUBLIC, #7120782, COMMONWEALTH OF VIRGINIA]_

# 0083179739



ARLINGTON COUNTY - COVER SHEET CONTENT

**Instrument Date:** 06/02/2015
**Instrument Type:** MISCELLANEOUS
**Number of Parcels:**
**RPC:** 09-016-006
**Location:** Arlington     **Percentage In This Jurisdiction:**
**Consideration:**     **Original Amount:**     **Existing Debt:**
*Actual/Assessed Value:*  **Assumption Balance:**
**Exemptions:**
**Instrument Prepared By:** Robert J. Baker     **Recording Paid By:** Robert J. Baker
**Recording Returned To:** Robert J. Baker
**Address 1:** 1627 N. Greenbreir St
**Address 2:**
**City:** Arlington
**State:** Va
**Zip:** 22205
**Grantor/Grantee:**
GRANTOR BAKER ROBERT JAMES
GRANTEE J.P. MORGAN CHASE

```
20150100011666
06/02/2015 03:04:32 PM   1/1
Doc Type: LRMISC:
Arlington County Clerk
Paul Ferguson, Clerk
Grantor Tax: $.00
```

**Grantee #1 Address:**
**Address 1:**   **Address 2:**
**City:**   **State:**   **Zip:**
**Prior Recording At:**
**Book Number:**   **Page Number:**   **Instrument Number:**
**RPC:**
**Current Property Address:**
**City:**   **State:**   **Zip:**



i +1

**Arlington County, Virginia**
**Clerk of the Circuit Court**
1425 N. Courthouse Road, Suite 6200
Arlington, Virginia 22201

0083179739

| Paul Ferguson – Arlington County Clerk, | | Receipt for Services | | | |
|---|---|---|---|---|---|
| Cashier | LSMITH | | | | Batch # 6514 |
| | | | Date: 06/02/2015 | Time: | 03:04:32PM |

| Date | Document Number | Document Type | File Number | RPC Number | Pg/Amt |
|---|---|---|---|---|---|
| 6/2/2015  3:04:32PM | 20150100011666 | LRMISC | | 09016006 ✳ | 11 |
| Party 1: BAKER | | | Party 2: | | |
| | | | (106) Technology Fee | | 5.00 |
| | | | (145) State Library | | 1.50 |
| | | | (301) Pages 1 to 10 | | 14.50 |
| | | **LRMISC** | | Total: | 21.00 |
| | | **Fee Total:** | | | 21.00 |
| **CHECK** | 1438 | ROBERT J BAKER | | | 21.00 |
| | | | Sub Total: | | 21.00 |
| | | | Surcharge: | | 0.00 |
| | | | Total: | | 21.00 |

✳ RESCISSION LETTER FILED AT ARL. CO. LAND RECORDS OFFICE (6-02-15)

Arlington County, Virginia
Clerk of the Court's Office

This Certificate annexed constitutes the Clerk's endorsement required by sections 17-59, 17-79 and 58.1-802 of the code of Virginia

Paul Ferguson
Clerk

**Chase**
P.O. Box 183210
Columbus, OH 43218-3210

**CHASE**

**Notice of Assignment, Sale or Transfer of Servicing Rights**

2/28/2017

000023 - 1 of 3 NSP0BYE0-Z1 J4235429 100000000000
ROBERT BAKER
1627 N GREENBRIER ST
ARLINGTON, VA 22205

**Your mortgage loan will be serviced by Rushmore, starting 3/15/2017**

**Chase loan number: 83179739**

Dear Robert Baker:

We're writing to let you know that the servicing of your mortgage loan will transfer from JPMorgan Chase Bank, N.A. (Chase) to Rushmore Loan Management Services LLC (Rushmore), effective 3/15/2017.

Your new servicer will:

- Collect and process your payments.
- Send account statements and annual tax forms.
- Notify you of account-related issues and updates.

This transfer doesn't affect any of the terms of your loan, other than the terms directly related to the servicing of your loan.

**Here's what this means to you**
On or after 3/15/2017:

- Your account number will change. Rushmore will send you a letter with your new account number.
- You'll send your mortgage payments to your new servicer, which will begin accepting them. We'll no longer accept your payments after this date.
- You'll contact your new servicer for questions about your account.

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing was sent via first class mail to the U.S. Trustee, Trustee and all interested parties on this 6TH day of MARCH, 2017

_Ralph James Buhr_ 3/06/17
DEBTOR

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0422-1<br>Case 17-10562-BFK<br>Eastern District of Virginia<br>Alexandria<br>Mon Mar  6 13:51:14 EST 2017 | United States Bankruptcy Court<br>200 South Washington Street<br>Alexandria, VA 22314-5405 | (p)BB AND T<br>PO BOX 1847<br>WILSON NC 27894-1847 |
| J.P. Morgan Chase Bank NA<br>3415 Vision Drive<br>Columbus, OH 43219-6009 | JP Morgan Chase Bank NA<br>710 Siytg Ash Street #200<br>Glendale, CO 80246 | Samual I. White PC<br>c/o JP Morgan Chase Bank NA<br>5040 Corporate Woods Dr #120<br>Virginia Beach, VA 23462-4377 |
| Robert James Baker<br>1627 North Greenbrier Street<br>Arlington, VA 22205-3627 | Thomas P. Gorman<br>300 N. Washington St. Ste. 400<br>Alexandria, VA 22314-2550 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Branch Banking & Trust
POB 1847
Wilson, NC 27858

End of Label Matrix
Mailable recipients    7
Bypassed recipients    0
Total                  7

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
_____ Division

In re: **ROBERT JAMES BAKER**          Case No. **17-10562 BFK**
                                        Chapter **13**
            Debtor(s)


            Plaintiff(s)              Adversary Proceeding No.
v.


            Defendant(s)

### CERTIFICATION UNDER LOCAL BANKRUPTCY RULE 2090-1

Document Title: **VOLUNTARY REQUEST FOR DISMISSAL**
Date Document Filed: **3-06-17**
Docket Entry No.

I declare under penalty of perjury that (Check one box):

[X] No attorney has prepared, or assisted in the preparation of this document.

[ ] The following attorney prepared or assisted in the preparation of this document.

_____
(Name of Attorney)

_____
(Address of Attorney)

_____
(Telephone Number of Attorney)

_____
Name of Pro Se Party (Print or Type)

**ROBERT JAMES BAKER**
Signature of Pro Se Party

Executed on: **3-06-17** (Date)

[2090edva ver. 12/15]

FILED

2017 MAR -6 P 1:50

MARCH 06  2017

TO: US BANKRUPTCY COURT
    EASTERN DISTRICT OF VIRGINIA
    ALEXANDRIA DIVISION
    ALEXANDRIA, VA. 22314

RE: SUBMITTED DOCUMENTS FOR: CASE 17-10562-BFK

FR: ROBERT JAMES BAKER (DEBTOR)

(1) VOLUNTARY REQUEST LETTER FOR CHAPTER 13 DISMISSAL
(2) LETTER FROM ATTORNEY GREGORY BRYL, ESQ. TO CHASE BANK
(3) LETTER FROM ATTORNEY GREGORY BRYL, ESQ. TO SAMUEL I. WHITE, PC.
(4) COPY OF MY COMPLAINT FILED WITH CFPB.
(5) COPY OF MY RESCISSION LETTER DATED: DEC. 4 2006
(7) COPY OF RECISSION RECORDING ON 6-2-2015 AT LAND RECORDS OFFICE
(8) COPY OF ARLINGTON CO. COVER SHEET SHOWING RPC:09-016-006 RECORDNG
(9) COPY OF LETTER SHOWING RUSHMORE FINANCIAL AS LOAN BEING TRANSFERRED